UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                 Plaintiff,

-against-

ONE ETCHED IVORY TUSK OF AFRICAN
ELEPHANT (LOXODONTA AFRICANA),

                 Defendant,

-and-

GRAHAM KENT FULLER,

                 Claimant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
**10-CV-308 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Claimant Graham Fuller seeks reconsideration of the court's grant of summary judgment to the United States in this in rem action against one etched ivory tusk of African elephant (Loxodonta Africana) ("Defendant Tusk" or "the Tusk"). (Clt. Mot. for Recons. (Docket Entry # 42).) The court assumes the reader's familiarity with the court's Memorandum and Order granting summary judgment. (See May 17, 2012 Memorandum & Order (Docket Entry # 41).) For the reasons discussed below, Claimant's motion for reconsideration is DENIED.

I. **STANDARD OF REVIEW**

Motions for reconsideration are governed by Local Rule 6.3, which specifies that such motions must be made within fourteen days of the issuance of the order about which the moving party seeks reconsideration. A party's failure to abide by this schedule is a basis for denying a motion for reconsideration. See, e.g., Barnes v. Burge, No. 03-CV-1475 (NGG) (CLP), 2010

1

WL 5027535, at * 1 (E.D.N.Y. Dec. 3, 2010); Cyrus v. City of New York, No. 06-CV-4685 (ARR) (RLM), 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010); Grander River Enter. Six Nations, Ltd., v. King, No. 02-CV-5068 (JFK), 2009 WL 1739893, at *2 (S.D.N.Y. June 16, 2009). A motion for reconsideration may be granted if, inter alia, the court overlooked critical facts or controlling decisions that could have changed its decision, see Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), or if there has been an intervening change in controlling law, new evidence has appeared, or to correct clear error or prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d Cir. 1992). A moving party must identify the applicable bases for reconsideration in his or her motion. See Local Rule 6.3.

## II. ANALYSIS

Claimant's motion was filed more than fourteen days after the court issued its Memorandum and Order. (Compare May 17, 2012, Memorandum & Order with June 14, 2012, Clt. Mot. for Recons.) Claimant did not ask the court for an extension of the fourteen-day period for reconsideration, and did not offer any reason why the court should grant an extension nunc pro tunc. Therefore, the court concludes that Claimant's motion for reconsideration should be denied due to his breach of Local Rule 6.3.

Even if Claimant's motion were timely, the court would still deny it. Three of the grounds Claimant offers as bases of reconsideration—that the United States is applying its regulation retroactively, that Claimant is an innocent owner within the meaning of relevant statutory law, and that the regulation at issue, and/or its application to Defendant Tusk, is unreasonable (see Clt. Mot. for Recons. at 7-9)—were all addressed in the court's previous Memorandum and Order. Claimant may disagree with the court's interpretation of controlling law in the previous Memorandum and Order, but that does not mean that the court overlooked

the relevant law or facts. Claimant is simply rearguing his case, which is not a valid ground for reconsideration. Claimant's remaining ground for reconsideration is that the court disregarded the burden of proof. (Id. at 3-7.) Contrary to Claimant's argument, the court did not overlook the relevant burdens of proof. The court's previous Memorandum and Order fully discussed the summary judgment standard, and did not discuss the statute setting forth the burden of proof in forfeiture actions because, quite simply, the material facts of the case were undisputed (as a comparison of the parties' 56.1 statements (Docket Entry ## 29-2, 30-1, & 32-1) demonstrates) and the only questions before the court were questions of law. Finally, Claimant's citation to proposed changes in the Fish and Wildlife Service's definition of "sport-hunted trophy" (Clt. Mot. for Recons. at 6-7) does not help Claimant; a proposed regulation is, after all, a proposal, not an actual a change in the law.

### III. CONCLUSION

For the foregoing reasons, Claimant's motion for reconsideration is DENIED. The court adheres to its previous judgment.

SO ORDERED.

/s/ NGG

Dated: Brooklyn, New York
August 27, 2012

NICHOLAS G. GARAUFIS
United States District Judge

3